## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONNIE J. PRUITT,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0395** (BOR Appeal No. 2047725)
(Claim No. 2009090827)

**MCDOWELL COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Connie J. Pruitt, by Gregory S. Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McDowell County Board of Education, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 22, 2013, in which the Board affirmed an October 2, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 26, 2012, decision denying Ms. Pruitt's request to add lumbar disc herniation and radiculopathy as compensable conditions of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Pruitt worked as a cook for the McDowell County Board of Education. On March 16, 2009, Ms. Pruitt injured her lower back while lifting boxes of food. On April 15, 2009, an MRI scan was taken, which revealed a broad based bulge at L4-5 and degenerative changes at L4-5. There was no evidence of disc herniation. Her claim was held compensable for a lumbar strain. Anbu Nadar, M.D., then evaluated Ms. Pruitt and found that she had reached the maximum degree of medical improvement. Ms. Pruitt continued to experience pain in her lower back. Over a year after the compensable injury, Ms. Pruitt underwent a second CT myelogram of her lumbar

1

spine that revealed a herniated disc at L4-5 which was most pronounced on the left. Rebecca Thaxton, M.D., reviewed Ms. Pruitt's claim and found that her current lumbar problems were related to degenerative changes and not the compensable injury. Paul Bachwitt, M.D., then evaluated Ms. Pruitt and determined there were no clinical findings of lumbar radiculopathy. David Abramowitz, M.D., also reviewed Ms. Pruitt's records. He found that the initial MRI taken in this case was of good diagnostic quality and it revealed no evidence of disc herniation at any level. Following these evaluations, Ms. Pruitt's treating physician, Abed Koja, M.D., requested that herniated lumbar disc and radiculopathy be added as compensable conditions of the claim. Dr. Koja's request was submitted to Randall Short, D.O., who recommended against including the diagnoses as part of the claim because he believed they were related to a natural progression of Ms. Pruitt's degenerative condition. Dr. Short pointed out that the initial diagnostic studies in this case revealed the presence of degenerative changes and a broad-based disc bulge which were not causally related to an acute injury. On March 26, 2012, the claims administrator denied Dr. Koja's request to add lumbar disc herniation and radiculopathy as compensable conditions of the claim. On October 2, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on March 22, 2013, leading Ms. Pruitt to appeal.

The Office of Judges concluded that the denial of the additional diagnoses should be affirmed. The Office of Judges determined that Ms. Pruitt's L4-5 disc herniation was the result of non-compensable degenerative changes and not the compensable injury. It found that the causal connection between the compensable injury and her herniated disc was tenuous because the April 15, 2009, MRI, taken a month after the compensable injury, revealed no disc herniations. The Office of Judges pointed out that the L4-5 disc herniation was not evident until over a year after the date of injury. The Office of Judges also pointed out that Dr. Thaxton, Dr. Short, and Dr. Bachwitt all indicated that Ms. Pruitt's L4-5 disc herniation was related to the progression of her pre-existing degenerative condition. The Office of Judges found that the diagnosis of radiculopathy was also not related to the compensable injury. The Office of Judges determined that there were no clinical findings of radiculopathy and Ms. Pruitt's symptoms were not consistent with the diagnosis. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Pruitt has not demonstrated that the diagnoses of lumbar disc herniation and radiculopathy are causally related to the compensable injury. The evidence in the record does not demonstrate that Ms. Pruitt received these conditions in the course of and resulting from her employment. The medical evidence in the record, especially the April 15, 2009, MRI, indicates that Ms. Pruitt's lumbar disc herniation and radiculopathy are related to her pre-existing degenerative spinal condition. In a prior appeal, this Court has already affirmed a denial of Ms. Pruitt's request to add a similar condition, displacement of lumbar intervertebral disc, as a compensable condition of the claim. *Pruitt v. McDowell Cnty. Bd. of Educ.*, No. 12-1144, 2014 WL 185513 (Jan. 14, 2014). Ms. Pruitt has not presented sufficient evidence distinguishing her current request from the appeal that this Court has already considered. There is nothing in the record undermining the credibility of Dr. Thaxton's, Dr. Short's, and Dr. Bachwitt's reports. The Office of Judges was within its discretion in relying on their opinions.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum